BAILIE v. BAILIE.[1]

(Supreme Court, Special Term, New York County. April 27, 1898.)

DIVORCE—SUPPORT PENDING ACTION.

    That the wife, in an action for divorce, asserts the validity of a foreign divorce as a defense against the accusation of adultery, is not sufficient ground for denying her application for an allowance for counsel fees and support of child, since, as long as the husband asserts the marriage relation in an action by him founded on it, he is liable for the expense to which he puts his wife in defending same.

Action by one Bailie against one Bailie, otherwise known as Ewing, for divorce. Motion by defendant for counsel fees and allowance for the support of a child. Granted.

E. T. Fellows, for the motion.
Edward S. Clinch, opposed.

DALY, J. Motion for counsel fee and allowance for the support of child. The action is brought by the husband to procure a divorce on the ground of adultery, the adultery charged being the defendant's cohabitation with the person whom she married after procuring a divorce from the plaintiff in another state. Her application for the means to defend the action and to support a child of plaintiff, who is living with her, is opposed on the ground that she denies the existence of the marriage relation, in asserting the validity of the foreign divorce. This is not a good reason for denying the application. As long as the husband asserts the marriage relation in an action instituted by him founded upon it, he is liable for the expense to which he puts her in defending his claim. Starkweather v. Starkweather, 29 Hun, 488. If he succeeds, he convicts her of adultery, and cuts off her dower right. So far as that right is involved, she asserts the marriage, while nevertheless interposing her divorce as a shield against the accusation of adultery. It is easy to imagine a case in which a husband might apparently acquiesce in a foreign divorce, and, when his wife contracts a new marriage on the strength of it, commence an expensive litigation to overturn it, and obtain a decree in his own favor for the technical adultery on her part. Such may fairly be inferred to be the case here. Counsel fees of $250 should be allowed, and $10 per week for the support of his daughter.

[1] Reversed on appeal. See 52 N. Y. Supp. 228.